IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ALLAN O. MOORE, Inmate #B12501,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CIVIL NO. 04-172-DRH** |
| ) | |
| **CONGRESS OF THE UNITED STATES,** ) | |
| *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff, an inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>   (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>   (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any

supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

Plaintiff's sole claim in this action is that Defendants have unconstitutionally denied him the right to vote because he is incarcerated. He states that this denial violates the Voting Rights Act, the Thirteenth, Fifteenth, and Nineteenth Amendments to the Constitution, Supreme Court rulings, and acts of Congress. Plaintiff further states that the denial of the right to vote was not stipulated by the court in which he was convicted at his sentencing or any of his hearings.

States can permanently deny the right to vote to individuals convicted of a felony, except where it is clear that the law so doing was enacted for a racially discriminatory purpose. See *Richardson v. Ramirez*, 418 U.S. 24, 54-56 (1974) (holding that state law disenfranchising convicted felons does not violate equal protection clause); *Hunter v. Underwood*, 471 U.S. 222, 233 (1985) (holding a section of the Alabama constitution in violation of the equal protection clause where it was clear that enactment of the section was motivated by a desire to discriminate based on race). Based on these standards, Plaintiff has not stated a constitutional claim.

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED:** October 4, 2005.

/s/     David RHerndon
**DISTRICT JUDGE**